UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERIC BYRD, #333638,

        Plaintiff,

                                 CASE NO. 2:07-CV-11612
v.                                 HONORABLE DENISE PAGE HOOD

KENNETH SWINKEY, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.    Introduction**

Frederic Byrd ("Plaintiff"), a Michigan prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. This Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that the named defendants, several Monroe County prosecutors, judicial officers, and employees, violated his constitutional rights during his criminal proceedings. Plaintiff seeks monetary damages and the restoration of his constitutional and civil rights. Having reviewed the complaint, the Court now dismisses it as frivolous, for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and on the basis of immunity. The Court also concludes that an appeal cannot be taken in good faith.

**II.    Discussion**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before

1

service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

In his complaint, Plaintiff challenges his state court criminal proceedings, convictions, and continued imprisonment. As such, he fails to state a claim upon which relief may be granted under § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89. *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). If Plaintiff were to prevail on the claims arising from his criminal proceedings, the validity of his continued confinement would be called into question. Accordingly, his complaint is barred by *Heck* and must be dismissed.

Additionally, Defendants in this case are entitled to immunity. Plaintiff names Monroe County prosecutors as defendants in this action. Those prosecutors are entitled to absolute prosecutorial immunity for damages on claims arising from the performance of prosecutorial tasks. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Plaintiff also names Monroe County judicial officers and employees as defendants in this action. Judges and judicial employees are entitled to absolute judicial immunity as to Plaintiff's claim for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (court administrator who executes court order has absolute immunity); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (per curiam) (court clerk who issued erroneous warrant on judge's order was immune from suit). Moreover, the 1996 amendments to

§ 1983 extend absolute immunity to state court judges as to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); *see also Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006); *Hass v. Wisconsin, et al.*, 109 Fed. Appx. 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000). Any allegations against the judicial officers and employees who presided over Plaintiff's criminal proceedings involve the performance of judicial duties. Those Defendants are absolutely immune from suit for such conduct. Accordingly, Plaintiff's complaint against the Monroe County prosecutors, judicial officers, and employees must also be dismissed based upon immunity.

## III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted, that Defendants are immune from suit, and Plaintiff's civil rights complaint is **DISMISSED**.

Additionally, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
DATED: May 31, 2007          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2007, by electronic and/or ordinary mail.

S/William F. Lewis

4